UNITED AIR LINES, INC., *v.* DEPARTMENT OF TREASURY

OPINION OF THE COURT

1. TAXATION—FRANCHISE FEE—BASIS—STATUTES.

Statutory annual franchise fee imposed on a foreign airline corporation is properly based on intrastate business and interstate business originating in Michigan (MCLA §§ 450.304, 450.405).

2. TAXATION—FRANCHISE FEE—REASONABLENESS.

A franchise fee, computed in accordance with the statutory formula, which amounted to 37% of the plaintiff airline's gross revenues produced by plaintiff's intrastate business was within reasonable limits where the fee was only .264% of plaintiff's gross revenues derived from all business, intrastate and interstate originating in this state (MCLA § 450.305).

3. TAXATION—FRANCHISE FEE—COMPUTATION—DEFERRED FEDERAL INCOME TAXES.

"Reserve for deferred Federal income taxes" is included in a corporation's surplus for the purpose of computing the annual franchise fee, except in the case of a public utility (MCLA § 450.304).

REFERENCES FOR POINTS IN HEADNOTES

[1-6, 8-11] 51 Am Jur, Taxation §§ 794, 808-824, 852-855.
State excise, privilege, or franchise tax upon foreign corporations as affected by commerce clause. 139 ALR 950.

OPINION CONCURRING IN PART AND DISSENTING IN PART BY
ZIEM, J.

4. TAXATION—FRANCHISE FEE—INTERSTATE FACTOR.

*The state in measuring its fee for the privilege of doing intra-state business may include an interstate factor for the enhanced value given to that portion which is in the state as part of the whole system; however, that factor must be reasonable and related to the value of the intrastate business and not a burden on interstate commerce (MCLA § 450.305a).*

5. TAXATION—FRANCHISE FEE—RATIONAL RELATION.

*Any formula used for imposing an annual franchise fee for the privilege of doing intrastate commerce must bear in its application a rational relationship to that which is taxed and the formula in its application must be free from excessiveness or discrimination (MCLA § 450.305a).*

6. TAXATION — FRANCHISE FEE — UNREASONABLENESS — BURDEN OF PROOF — CONSTITUTIONAL LAW.

*The plaintiff has the burden of showing that the formula used for computing the annual franchise fee results in a gross over-reaching beyond values represented by intrastate assets pur-ported to be taxed so as to violate the due process and com-merce clauses of the Constitution (MCLA § 450.305a).*

7. CONSTITUTIONAL LAW—MATHEMATICAL FORMULAE.

*The Constitution does not tolerate any result, however distorted, just because it is the product of a convenient mathematical formula which, in most situations, may produce a tolerable product for purpose of taxation (MCLA § 450.305a).*

8. TAXATION—FRANCHISE FEE—RATIONAL RELATION—CONSTITUTION-AL LAW—STATUTES.

*Statutory provision providing that the annual franchise fee im-posed on an airline is to be based on (a) the revenue tons handled by the air carrier at airports within this state during the period covered by the annual report divided by the total revenue tons handled by the carrier at all airports on its entire system during the same period and (b) the air carrier's originat-ing revenue within this state for the period covered by the annual report divided by the total originating revenue of the carrier from its entire system for the same period was uncon-stitutional, confiscatory, and unreasonable as applied to a plain-tiff who had 99.3% of its revenues and 97.4% of its Michigan tonnage from interstate transportation, because practically*

*all of the two numerators of both fractions are based on interstate commerce rather than intrastate commerce, thus basing the franchise fee almost entirely on interstate commerce (MCLA § 450.305a).*

9. Taxation—Franchise Fee—Business Taxable.

*A franchise fee must be applied to a fair proportion of the taxpayer's business, both interstate and intrastate, done within the state; a fair proportion of the taxpayer's business does not mean a tax on all the taxpayer's business (MCLA § 450.305a).*

10. Taxation—Franchise Fee—Intrastate Business—Rational Relationship.

*A business franchise fee must be reasonably related to the value of the intrastate business done by the taxpayer; a franchise fee is unconstitutional as unreasonable when it is based on all the taxpayer's business, including all the interstate business which the taxpayer enjoyed long before it was granted the privilege of doing intrastate business by the state (MCLA § 450.305a).*

11. Taxation — Franchise Fee — Reasonableness — Intrastate Business.

*A tax of over one-third of the total gross receipts of intrastate business for the privilege of carrying on intrastate business is not reasonable; such a tax bears no reasonable relationship to that which is being taxed (MCLA § 450.305a).*

Appeal from the Court of Claims, William John Beer, J. Submitted Division 2 October 15, 1970, at Lansing. (Docket No. 8620.) Decided December 10, 1970. Leave to appeal denied May 7, 1971. 384 Mich 837.

Claim by United Air Lines, Inc., against the Department of Treasury to recover franchise fee tax paid under protest. Rebate granted. Defendant appeals. Reversed and remanded.

*Dickinson, Wright, McKean & Cudlip (T. Donald Wade, Ernest Getz,* and *W. Gerald Warren,* of counsel) for plaintiff.

*Frank J. Kelley,* Attorney General, and *William D. Dexter* and *Richard R. Roesch,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

QUINN, P. J.  Plaintiff filed this action March 12, 1968, in the Court of Claims to recover its 1967 franchise fee[1] paid under protest.  The trial judge decided the controversy on the basis of the pleadings, stipulated facts, and briefs of the parties. After filing extensive findings of fact and conclusions of law, the trial judge granted plaintiff's claim and judgment entered in its favor against the State in the amount of $85,966 and interest.  This appeal followed.

In 1966, plaintiff, a foreign corporation, served or did business at locations in 33 states, the District of Columbia, and Canada.  That year plaintiff was authorized to do business in 17 states, including Michigan.  For the privilege of being authorized to do business in Michigan, plaintiff is required by the statute referred to in the footnote to pay a franchise fee.  The amount of such fee is determined from the paid-up capital and surplus of plaintiff apportioned to Michigan.  This apportionment is determined by the formula specified in MCLA § 450-.305 (Stat Ann 1970 Cum Supp § 21.208).  The statutory fee requirement and method of determination were approved in *Wisconsin & Michigan Steamship Company* v. *Corporation & Securities Commission* (1963), 371 Mich 61.

In its brief, plaintiff concedes, "a state  *  *  * *within reasonable* limits may compute the amount

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 450.304 (Stat Ann 1970 Cum Supp § 21.205).

of the charge [for doing an intrastate business] by applying the tax rate to a *fair proportion* of the taxpayer's business *done within the state,* including *both* interstate and intrastate." In support of this concession, plaintiff cites *Wisconsin & Michigan Steamship Company, supra,* among other cases.

One of plaintiff's attacks on the computation of the 1967 franchise fee it paid under protest is that the fee exceeds "reasonable limits". In support of this position, plaintiff argues and the trial court found that the fee exacted is 37% of the gross revenues produced from the privilege granted by the state, *i.e.,* the right to do an intrastate business in Michigan. The flaw in this argument and the error in the trial court's finding is that it fails to take into account plaintiff's interstate business originating in Michigan, a factor plaintiff concedes to be appropriate. If the franchise fee exacted is divided by the total gross revenue of plaintiff derived from intrastate business and interstate business originating in Michigan, the fee exacted is .00264% of plaintiff's gross revenue derived from intrastate business.

Plaintiff's argument and the trial court's finding that application of the statutory formula to plaintiff's paid-up capital and surplus results in an apportionment to Michigan of plaintiff's paid-up capital and surplus that is disproportionate to plaintiff's business in Michigan are similarly fallacious. The argument and the finding consider only plaintiff's intrastate activity and ignore plaintiff's interstate activity originating in Michigan.

We hold that application of the State formula to plaintiff's paid-up capital and surplus is within reasonable limits and that the tax rate was applied to a fair proportion of plaintiff's business done within the state of Michigan.

Plaintiff's second attack on the computation of its 1967 franchise fee relates to "reserve for deferred federal income taxes". Plaintiff does not include this item in surplus. Defendant insists it shall be included in surplus. In *National-Standard Company* v. *Department of Treasury* (1970), 384 Mich 184, a majority of the Supreme Court has finally laid to rest this long-controverted issue. For the purpose of computing the Michigan franchise fee, "reserve for deferred federal income taxes" is included in surplus, except in the case of public utilities.

Reversed but without costs.

V. J. BRENNAN, J., concurred.

ZIEM, J. (*concurring in part and dissenting in part*). I agree with my brothers with respect to their holding that reserve for deferred Federal income tax is included in surplus.

However, I must respectfully dissent as to the remaining portion of the opinion.

I am of the opinion that, as it applies to United Air Lines, Inc., for the period involved, the statutory tax allocation formula for aircraft is unreasonable, confiscatory, and unconstitutional and that the relevant portion of the decision of the trial court should be affirmed.

The trial court found that in the application of the statutory formula for computing the tax that only 2.6% of the revenue tons included in the numerator of one fraction and only .7% of the revenues included in the numerator of the other fraction are related to intrastate commerce in Michigan; and that the statutory formula, in the case of this particular claimant (United), results in the exaction of a fee ($85,666) that is 37% of the gross revenues

($228,688) produced from the privilege granted by the state to do intrastate business in Michigan.

The trial court also found that the percentage formula could be a fair apportionment under certain circumstances but that, as to United, it was not and stated in part as follows: "The result produced by the application of the special apportionment formula for carriers by aircraft provided in the Michigan privilege fee act is unreasonable and confiscatory as applied to claimant. It constitutes an undue burden on interstate commerce. The section as applied to claimant is in contravention of the interstate commerce clause and the due process amendment of the United States Constitution."

Although the state in measuring its fee for the privilege of doing an intrastate business may include an interstate factor for the enhanced value given to that portion which is in the state as part of the whole system, that factor must be reasonable and related to the value of the privilege granted, i.e., the intrastate business, and not a burden on interstate commerce. In mechanically applying the statutory formula, the state cannot arrive at an unconscionable and unconstitutional result. The result must be free from excessiveness and discrimination. Any formula used must bear in its application a rational relationship to that which is taxed. It is the plaintiff's task to show that the application of the formula results in a gross overreaching beyond values represented by intrastate assets purported to be taxed so as to violate the due process and commerce clauses of the Federal Constitution. See *Hans Rees' Sons, Inc.,* v. *North Carolina* (1931), 283 US 123 (51 S Ct 385, 75 L Ed 879). *Norfolk & W. R. Co.* v. *Missouri State Tax Commission* (1968), 390 US 317 (88 S Ct 995, 19 L Ed 2d 1201).

In the case of *Wisconsin & Michigan Steamship Company* v. *Corporation & Securities Commission* (1963), 371 Mich 61, 70, the Michigan Supreme Court, citing *Spector Motor Service, Inc.,* v. *O'Connor* (1951), 340 US 602, 609, 610, (71 S Ct 508, 95 L Ed 573), stated as follows:

"A state may tax the privilege of carrying on intrastate business and, within reasonable limits, may compute the amount of the charge by applying the tax rate to a fair proportion of the taxpayer's business done within the State, including both interstate and intrastate."

Section 5a of the Michigan annual privilege fee statute, (MCLA § 450.305a [Stat Ann 1963 Rev § 21.208(1)]), as applied to plaintiff, is not a fair measure of its business, receipts, capital, and activity in Michigan for the purpose of computation of its annual privilege fee. Michigan's grant to plaintiff is confined to the right to do an intrastate business in this state. The value of the intrastate business may be enhanced by its organic relation to the entire system and for that reason an interstate factor may be included in determining the plaintiff's annual privilege fee. However, rigid application of the statutory formula leads to a grossly distorted result in regard to this plaintiff.

"The facts of life do not neatly lend themselves to the niceties of constitutionalism; but neither does the Constitution tolerate any result, however distorted, just because it is the product of a convenient mathematical formula which, in most situations, may produce a tolerable product." *Norfolk & W. R. Co.* v. *Missouri State Tax Commission, supra,* p 327.

The formula involved, as it applies to plaintiff, produces a distorted result due to the fact that practically all the numerator of both fractions is inter-

state commerce rather than intrastate commerce, which is being taxed. Since 99.3% of plaintiff's revenues and 97.4% of its Michigan tonnage are from interstate transportation, the formula results in basing the privilege fee almost entirely on interstate commerce. Interstate commerce, therefore, pays the bill. It is unreasonable and confiscatory, as evidenced by the fact, among others, that plaintiff paid over $85,000 for the privilege of doing an intrastate business of slightly more than $228,000 (which is the only privilege Michigan has granted), or over 37% of its gross receipts for the privilege of receiving those gross receipts. The result demonstrates the excess burden placed upon the plaintiff's interstate business.

The tax rate must be applied to "a fair proportion" of the taxpayer's business done within the state, both interstate and intrastate. As applied to plaintiff, the statutory formula here involved does not tax a fair proportion of the business done within the state including both interstate and intrastate. It taxes all. It seems clear that "a fair proportion" does not connote all. It connotes something less than all. Since quite clearly the fee may be measured by all the intrastate, it cannot be measured by all interstate.

The fee must be "reasonably related to the value of the intrastate business done." *Duluth, S. S. & A. R. Co.* v. *Corporation & Securities Commission* (1958), 353 Mich 636, 657. The tax here involved is not reasonably related to the value of the intrastate business. It is related to all the business done including all the interstate business which plaintiff enjoyed long before Michigan granted the intrastate privilege. A tax of over one-third of the total gross receipts of intrastate business for the privilege of carrying on intrastate business is not reasonable.

It bears no rational relationship to that which is taxed. There can be no profit for a business which pays over one-third of its gross receipts for the privilege of doing its intrastate business.

The disparity between the statutory percentage and the actual percentages exceeds the disparities found constitutionally objectionable in the *Hans Rees' Sons, Inc.,* v. *North Carolina, supra,* and *Norfolk & W. R. Co.* v. *Missouri State Tax Commission, supra.*

I am thus of the opinion that the judgment of the trial court should be affirmed in part and reversed in part.